IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL MCCAIN, JAMES D. HORNSBY, and SOUTHERN ELECTRICAL RETIREMENT FUND, | ) ) ) ) |
| Plaintiffs, | ) Case No. 3:22-cv-01012 ) |
| v. | ) Judge William L. Campbell, Jr. ) Magistrate Judge Alistair Newbern ) |
| DONALD W. PEDIGO dba DONALD PEDIGO ELECTRIC COMPANY, | ) ) ) |
| Defendant. | ) ) |

## ENTRY OF DEFAULT

Pending is Plaintiffs' Request for Entry of Default against Defendant Donald W. Pedigo d/b/a Donald Pedigo Electric Company pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 8). For the following reasons, the Plaintiffs' Motion is **GRANTED**.

On December 13, 2022, Plaintiffs filed their Complaint against Defendant. (Doc. No. 1). Summons was issued as to Defendant Pedigo on December 14, 2022. (Doc. No. 5). On December 30, 2022, Plaintiffs returned the Summons and an Affidavit of Service executed by process server, Jeremy Cantrell. (Doc. No. 7). Cantrell avers that declares Donald W. Pedigo was personally served with the Summons and Complaint on December 29, 2022. (Doc. No. 7 at PageID #16). Plaintiffs filed the pending Request for Entry of Default on February 1, 2023. (Doc. No. 11).

Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise

1

defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

L.R. 55.01. In support of their Motion, Plaintiffs rely upon the Declaration of Jan Jennings, (Doc. No. 9), and information from the Servicemembers Civil Service Relief Act Verification Service, (Doc. No. 12-1).

As confirmed by Jennings and Cantrell in their declaration and affidavit, respectively, Defendant was personally served with process on December 29, 2022. (Doc. Nos. 7 and 9). Further, Jennings confirms that Pedigo is neither a minor nor incompetent. Finally, as evidenced by the information from the Servicemembers Civil Service Relief Act Verification Service, Defendant is not an active member of the military. (Doc. No. 12-1). To date, Defendant has not entered an appearance or otherwise defended this action.

Plaintiffs have satisfied their obligations under Rule 55(a) and Local Rule 55.01. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, the Plaintiffs' Request for Entry of Default against Donald W. Pedigo d/b/a Donald Pedigo Electric Company, (Doc. No. 8), is **GRANTED**.

s/ Lynda M. Hill<br>
Lynda Motes Hill<br>
Clerk of Court